# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIUS KORNHAUSER,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN DAVID E. ORTIZ, et al.,<br><br>    Defendants. | Civil Action<br>No. 18-11373 (RBK)(AMD)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Complaint raising claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"). For the reasons stated below, the Court will dismiss Plaintiff's federal claims and will decline to exercise supplemental jurisdiction over his state law claims.

## I. BACKGROUND

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names the following as Defendants: (1) David E. Ortiz; (2) the Federal Bureau of Prisons ("FBOP"); (3) Northern Regional Office; (4) FCI Fort Dix; and (5) Officer Ward.

Generally construing the Complaint, staff placed Plaintiff in the special housing unit ("SHU") at the prison on September 28, 2017. It appears that staff did not allow Plaintiff to bring his personal property into the SHU. Several days later, Plaintiff had to fill out a personal property inventory form and takes issue with the fact that staff had him sign the form "without allowing [him] to view, or examine, said personal property." (ECF No. 1, at 3).

Plaintiff remained at the SHU for approximately two months, until November 21, 2017, and takes issue with the fact that he "did not receive said personal property back, until the day of his release" from the SHU. (ECF No. 1, at 3). The Court observes from the attached exhibits, that someone had lost or misplaced some of Plaintiff's property, and that these missing items must be the crux of his grievances. Shortly thereafter, Plaintiff filed a notice of tort claim with the FBOP and did not received an answer from the FBOP.

Plaintiff filed the instant Complaint on or about July 5, 2018. Plaintiff alleges that the loss of his property violated his constitutional rights but fails to specify *which* of his constitutional rights. Additionally, Plaintiff appears to raise FTCA claims against the United States regarding his lost property.

## II. STANDARD OF REVIEW

### A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity" and in actions where an incarcerated prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. *Bivens* Actions**

Section 1983 of Title 42 created a remedy for monetary damages when a person acting under color of state law injures another, but "Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

The Supreme Court created an implied cause of action in *Bivens* when federal officers violated a person's Fourth Amendment rights. *Bivens*, 403 U.S. at 397. The Court extended the *Bivens* remedy twice more in: *Davis v. Passman*, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a *Bivens* remedy for her Fifth Amendment gender

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (holding that prisoner's estate had a *Bivens* remedy against federal jailers for failure to treat his asthma under the Eighth Amendment). "These three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that a person acting under color of federal law caused the deprivation. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). In the present case, because the Complaint otherwise fails to state a claim, the Court need not address whether a plaintiff may pursue lost property claims under the Fourth or Fifth Amendments, in light of *Ziglar*.

### III. DISCUSSION

#### A. Sovereign Immunity

As a preliminary matter, Plaintiff asserts *Bivens* claims against the FBOP, its regional office, FCI Fort Dix, and potentially against the individual Defendants both in their official and individual capacities. To be liable under *Bivens*, a defendant must be a "person." The Third Circuit has held in *Jaffee v. United States*, 592 F.2d 712, 717–18 (3d Cir. 1979), that sovereign immunity bars *Bivens* claims against the United States and its federal agencies and officials, unless the United States explicitly waives its immunity, and accordingly, they are not "persons" amenable to suit under *Bivens*. *See, e.g.*, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008); *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 436 (D.N.J. 2018).

4

Here, the FBOP, its regional office, and FCI Fort Dix, as federal agencies, are immune from suit under *Bivens* because the United States has not explicitly waived sovereign immunity. Similarly, as the individual Defendants are employees of FCI Fort Dix, or the FBOP, or both, they are also immune from suit, at least in their official capacities. *See, e.g.*, *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007). Accordingly, the Court will dismiss with prejudice the *Bivens* claims against the FBOP, its regional office, FCI Fort Dix, and the individual Defendants, in their official capacities.

### B. Federal Tort Claims Act Claims

As to Plaintiff's FTCA claims, the "FTCA operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citation omitted). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. An incarcerated FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. *See* 28 U.S.C. § 1346(b)(1)–(2); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

Here, Plaintiff has failed to name the United States. If that were the only defect as to his FTCA claims, the Court would have granted Plaintiff leave to file an amended complaint. Plaintiff's claims, however, fall within an exception to the United States' waiver of sovereign immunity. The FTCA exempts, "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c).

The Supreme Court has "held that claims against corrections officers . . . [for] mishandling an inmate's property fall with the FTCA's exception to the United States' waiver of sovereign immunity." *Feaster v. Fed. Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) (citing *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 216, 227–28 (2008)); *see also Kosak v. United States*, 465 U.S. 848, 854 (1984) (holding that the exception includes claims resulting from the negligent handling or storage of detained property). Accordingly, § 2680(c) bars Plaintiff's FTCA claims stemming from the mishandling or negligent handling of his lost property, and the Court will dismiss those claims with prejudice.

C. **Remaining *Bivens* Claims**

Turning then to Plaintiff's remaining *Bivens* claims against Defendants Ortiz and Ward, in their individual capacities, assuming *arguendo*, that Plaintiff had alleged sufficient facts as to their personal involvement, the Court will consider Plaintiff's allegations as Fourth Amendment seizure claims and Fifth Amendment due process claims.

To the extent Plaintiff alleges that the seizure and loss of his personal property violated the Fourth Amendment, the Third Circuit has held "that the Fourth Amendment does not apply to searches of prison cells or seizures of property within them." *Barndt v. Wenerowicz*, 698 F. App'x 673, 678 (3d Cir. 2017) (citing *Hudson v. Palmer*, 468 U.S. 517, 536 (1984) ("We hold that the Fourth Amendment has no applicability to a prison cell.")). Accordingly, the Court will dismiss with prejudice Plaintiff's Fourth Amendment seizure claims against Defendants Ortiz and Ward.

To the extent Plaintiff is attempting to state a due process claim, the Fifth Amendment provides in relevant part, that no "person shall . . . be deprived of . . . property, without due process of law." U.S. Const. amend. V. A government actor's unauthorized deprivation of property, however, "whether intentional or negligent, does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fifth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hayes v. DeCicco*, No. 10-1528, 2010 WL 4973524, at *2 (D.N.J. Nov. 30, 2010) (citing *Hudson*, 468 U.S. at 530–36); *see also, e.g.*, *Ortiz-Medina v. Bradley*, No. 19-2133, 2020 WL 362697, at *6 (M.D. Pa. Jan. 22, 2020).

Consequently, "the relevant inquiry is whether an adequate post-deprivation remedy was available to [Plaintiff] to address the loss of his property." *See, e.g.*, *Ortiz-Medina*, 2020 WL 362697, at *6. The Third Circuit has held that internal grievance procedures can provide a meaningful post-deprivation remedy for lost property. *E.g.*, *Mattis v. Dohman*, 260 F. App'x 458, 461 (3d Cir. 2008) (citing *Hudson*, 468 U.S. at 533).

The Court takes judicial notice that the FBOP has an administrative remedy program which "allows inmates to seek formal review of an issue relating to any aspect of his or her confinement," which provides a meaningful post-deprivation remedy. *See, e.g.*, *Ortiz-Medina*, 2020 WL 362697, at *6 (quoting *Toney v. Sassaman*, No. 11-780, 2014 WL 1056826, at *11 (M.D. Pa. Mar. 18, 2014), *aff'd*, 588 F. App'x 108 (3d Cir. 2015)). The Complaint does not allege that these procedures were unavailable to Plaintiff.[2] Accordingly, the Court will dismiss without prejudice Plaintiff's Fifth Amendment due process claims against Defendants Ortiz and Ward, in their individual capacities.

As no federal claims remain against the Defendants, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, including any attempted negligence or

---

[2] Additionally, the Complaint contains so few factual allegations, that it "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them," in violation of Federal Rule of Civil Procedure 8. *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019); *see Twombly*, 550 U.S. at 555.

property tort claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss without prejudice Plaintiff's Fifth Amendment due process claims against Defendants Ortiz and Ward, in their individual capacities. The Court will dismiss with prejudice the remainder of Plaintiff's federal claims and decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims. An appropriate Order follows.


Dated: March 12, 2020
                                                           s/Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge